598 So.2d 542 (1992)
BIG RIVER CONSTRUCTION & REMODELING CO., INC.
v.
UNIVERSITY CLUB I APARTMENTS, L.P. and Howard L. Miller.
No. 91 CA 0384.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Craig L. Kaster, Baton Rouge, for plaintiff-appellee Big River Const, and Remodeling Co., Inc.
J. Peyton Parker, Jr., Baton Rouge, for defendants-appellants University Club I Apartments, L.P. and Howard L. Miller.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment ordering resolution of a contract dispute through arbitration and granting a stay of judicial proceedings pending such arbitration.

*543 FACTS
On March 23, 1989, defendants, University Club I Apartments, L.P. and Howard L. Miller, entered into a contract with Big River Construction and Remodeling Co., Inc. (Big River) for renovations to University Club I Apartments in Baton Rouge, Louisiana. Big River performed pursuant to this contract, and, on September 12, 1989, Big River sent an application for payment in the amount of $63,920.70. Defendants paid this application for payment. On October 10, 1989, Big River sent another application for payment in the amount of $89,743.30 to defendants. Defendants failed to pay this application for payment. Thereafter, on November 7, 1989, Big River sent a third application for payment in the amount of $138,564.00 to defendants, which defendants again failed to pay. Finally, on December 12, 1989, Big River requested payment of $22,923.00 plus retainage of $35,016.70, which defendants failed to pay.
On December 19, 1989, Big River filed a lien against the immovable property upon which the work had been performed. In addition, Big River filed suit against defendants, seeking payment of $286,591.50, accrued interest of $4,770.76, and 1½% interest for work performed pursuant to a construction contract and recognition of its privilege on the immovable property. In an amended petition filed January 3, 1990, Big River requested payment of an additional $18,975.00 for work performed pursuant to a change order.
On February 26, 1990, Big River filed a motion to stay the proceedings in district court pending arbitration. Big River alleged that the contract between the parties required that all disputes be decided by arbitration in accordance with the Rules of the American Arbitration Association. In opposition to the motion to stay the proceedings, defendants denied that the contract required arbitration. Defendants also alleged that, by filing suit in district court, Big River had waived its right to arbitration.
On April 20, 1990, after a hearing, the trial court determined that the dispute between the parties should be resolved through arbitration in accordance with the Rules of the American Arbitration Association as set forth in the renovation contract. The court also ordered that the suit filed by Big River be stayed until the entry of an arbitration award.[1] From this adverse judgment, defendants devolutively appealed, assigning the following error:
The district court is in error to construe the instant case as one involving only the issue of whether or not plaintiff has waived his right to arbitration under an arbitration clause contained in a contract. The present case involves legal issues as to the existence of a valid contract and the liability of a third party defendant. Determination of these issues should have been made before arbitration was ordered.

EXISTENCE OF THE CONTRACT
In brief to this court, defendants question the existence and validity vel non of the contract; however, in its opposition to the motion and order to stay the arbitration, *544 defendants did not raise this issue.[2] In opposition to the motion to stay proceedings pending arbitration, defendants denied that the contract required arbitration and alleged that, if the right to arbitration existed, Big River waived its right to arbitration by filing suit. In memorandum in opposition to the motion to stay proceedings pending arbitration, defendants alleged that the failure of the City-Parish to fulfill its contract with defendants caused defendants to default on their payments to Big River. Defendants, however, did not allege that, as a result of the actions by the City-Parish, they were not obligated to perform under their contract with Big River.
In the instant case, since defendants did not, in opposition to the stay of proceedings pending arbitration, object to the validity vel non of the contract, the issue was not properly preserved for this court's review of the trial court's judgment ordering arbitration. Generally, issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Uniform Rules, Courts of Appeal, Rule 1-3; Poirier v. National Union Fire Insurance Company, 517 So.2d 225, 226 (La.App. 1st Cir. 1987). See also Haltom v. State Farm Mutual Automobile Insurance Company, 588 So.2d 792, 794 (La.App. 2nd Cir.1991); Williams v. Williams, 586 So.2d 658, 660 (La.App. 2nd Cir.1991); Schoonmaker v. Capital Towing Company, 512 So.2d 480, 486 (La.App. 1st Cir.), writ denied, 514 So.2d 458 (La.1987).

WAIVER OF THE RIGHT TO DEMAND ARBITRATION
Generally, LSA-R.S. 9:4201 and 4202 mandate that an arbitration provision in a written contract shall be valid and enforceable. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756, 757 (La.1982). Once the court finds an agreement to arbitrate and a failure to comply therewith, the court shall order arbitration. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d at 757; Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La. 1974).
Neither the answering of a judicial demand nor the delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d at 757. The fact that a party sought relief from the court before demanding arbitration may be considered, but is not necessarily determinative of whether the right to demand arbitration has been waived. See I.D. C., Inc. v. McCain-Winkler Partnership, 396 So.2d 590, 595 (La.App. 3rd Cir.1981). Whether a party, by demanding court action, has waived the right to demand arbitration and whether the party indeed abandoned his right to request arbitration by resorting to court procedure will depend on the circumstances of each case. Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671, 675 (La. 1978). Waiver is usually defined as a voluntary and intentional relinquishment of a known claim. Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d at 675.
In Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671 (La.1978), the court found that resorting to judicial proceedings is not necessarily voluntary relinquishment of the right to demand arbitration. Because of the strong policy favoring arbitration, a party's otherwise explainable conduct should be construed against waiver of the right. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d at 757. Only in extreme cases have courts found waiver of the right to demand arbitration. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d at 757. See I.D.C., Inc. v. *545 McCain-Winkler Partnership, 396 So.2d at 595.
In the instant case, Big River filed its petition on December 19, 1989. On that same day, Big River filed a lien on the immovable property owned by defendants. In its petition, Big River requested a money judgment and the recognition of its privilege over defendants' immovable property. Thereafter, on February 26, 1990, Big River requested a stay of judicial proceedings pending arbitration.
After carefully reviewing the entire record, we cannot say that the trial judge erred in refusing to find that Big River waived its right to request arbitration. Big River initially filed a petition which also contained a request for recognition of a privilege on defendants' immovable property. Big River's subsequent request for arbitration was filed approximately two months after its petition was filed. Defendants have not alleged or established that they were prejudiced by the filing of suit prior to the demand for arbitration. Clearly, the overall circumstances do not establish a waiver of Big River's right to demand arbitration. See Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d at 758.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting a stay of proceedings pending arbitration and ordering arbitration of the dispute is affirmed. Defendants are assessed with all costs of this appeal.
AFFIRMED.
NOTES
[1] The matter proceeded to arbitration. On July 25, 1990, the arbitrator awarded Big River $305,493.80, plus interest at the rate of one and one-half 1½% percent on each contract payment from due date. Defendants were also cast for attorney's fees, administrative expenses, and compensation for the arbitrator. On August 1, 1990, Big River filed a rule to show cause, requesting confirmation of the arbitrator's award. Defendants answered Big River's rule to confirm the arbitration award, alleging that the determination of the arbitrator was invalid because there was a question as to the existence of a valid contract. Defendants alleged that the contract contained a resolutory condition requiring funding by the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) before the contract became effective. Defendants further alleged in answer that, at the hearing before the arbitrator, no proof was offered that the City-Parish funded the contract as required.

On September 7, 1990, after a hearing, the trial court rendered judgment, homologating and confirming the arbitrator's award in favor of Big River and against defendants. The judgment was amended on October 30, 1990 to reflect a correction in the award made by the arbitrator. In the amended judgement, the principal award of $305,493.80 was amended to reflect an award of $305,483.90. These judgments are not before us on appeal.
[2] Defendants questioned the validity of the contract in answer to the motion to confirm the arbitrator's award. The trial court's ruling confirming the arbitrator's award is not before us on appeal.