809 So.2d 145 (2001)
HOSPITAL SERVICE DISTRICT NO. 3 OF THE PARISH OF LAFOURCHE, State of Louisiana, d/b/a Thibodaux Regional Medical Center
v.
FIDELITY & DEPOSIT COMPANY OF MARYLAND and Blanchard Mechanical Contractors, Inc.
No. 1999 CA 2773.
Court of Appeal of Louisiana, First Circuit.
January 16, 2001.
*146 Eugene R. Preaus, Alberta L. Adams, New Orleans, Counsel for Defendant/Appellant, Fidelity & Deposit Company of Maryland.
Philip K. Jones, Jr., R. Keith Jarrett, E. Peter Urbanowicz, Jr., John A. Lovett, Harold J. Flanagan, New Orleans, Counsel for Plaintiff/Appellee, Hospital Service District No. 3 of the Parish of Lafourche, State of Louisiana, d/b/a Thibodaux Regional Medical Center.
Daniel Lund, III, New Orleans, Counsel for Defendant/Appellee, Blanchard Mechanical Contractors, Inc.
Before: GONZALES, FOGG and PETTIGREW, JJ.
GONZALES, J.
In this appeal, the defendant, Fidelity and Deposit Company of Maryland (F & D) challenges a trial court judgment, enjoining it from pursuing mediation and/or arbitration proceedings against Hospital Service District Number 3 of the Parish of Lafourche d/b/a Thibodaux Regional Medical Center (TRMC).

FACTUAL AND PROCEDURAL BACKGROUND[1]
This case arises from an addition and renovation project of the TRMC facility in Thibodaux, Louisiana. TRMC hired Keeper Company, Inc. (Keeper) as the general contractor for the project, and F & D issued a surety bond guaranteeing Keeper's performance and naming TRMC as the obligee. TRMC paid the premium for the bond. F & D also entered into an indemnity agreement with Keeper. Keeper in turn subcontracted the mechanical, electrical, and plumbing work to Blanchard Mechanical Contractors, Inc. (Blanchard).
TRMC alleged the work performed by Keeper and the subcontractors was defective and grossly deviated from the project specifications. TRMC also contended Keeper failed to pay its subcontractors the *147 progress payments it received from TRMC resulting in delays and the filing of liens by the subcontractors against TRMC. TRMC alleged the project was not substantially completed by August 28, 1996, the agreed upon date of completion. On December 12, 1996, the project architects issued a Certificate of Substantial Completion to Keeper, allegedly subject to a list of nonconforming or incomplete work. TRMC allegedly made all progress payments, except for the last payment, and has not released the retainage, which amounts to between $650,000.00 to $700,000.00.
On May 15, 1997, Keeper filed for Chapter 7 bankruptcy relief in the Southern District of Texas. F & D filed claims in the bankruptcy case against Keeper for its execution of surety bonds on the TRMC project and others.
On January 20, 1999, TRMC filed the present suit against F & D in the Seventeenth Judicial District Court, Parish of Lafourche, seeking damages for F & D's alleged breach of its obligations under the performance bond and for F & D's alleged breach of its obligation to act in good faith. TRMC sought the cost of completing the project, the cost of replacing Keeper's work, and liquidated damages for late completion. TRMC also named Blanchard as a defendant and sought damages as a third party beneficiary from Blanchard's alleged breach of its construction subcontract with Keeper.
On March 4, 1999, F & D and the Chapter 7 trustee of Keeper's bankruptcy estate (trustee) filed an adversary proceeding against TRMC in the Texas bankruptcy case, seeking the contract balances withheld by TRMC. F & D and the trustee alleged that TRMC's failure to pay the balance prevented Keeper from fulfilling its obligations. As a result, F & D claimed it has been required to pay subcontractors approximately $500,000.00 under its bond.
On March 5, 1999, F & D removed the present case to federal district court in the Eastern District of Louisiana on the basis of diversity and bankruptcy jurisdiction. On March 12, 1999, F & D filed a motion for transfer of venue in the federal district court, seeking to move the action to the Texas bankruptcy court. On May 11, 1999, the federal district court denied F & D's motion to transfer and remanded the case to state court. Hospital Service District No. 3 of the Parish of LaFourche, State of Louisiana, d/b/a Thibodaux Regional Medical Center v. Fidelity & Deposit Company of Maryland, 1999 WL 294795 (E.D.La.1999).
On May 28, 1999, the trustee filed a motion in the Texas bankruptcy case, seeking an order staying and enjoining TRMC's prosecution of the state court suit. TRMC responded by filing a motion to abstain, requesting the Texas bankruptcy court abstain from hearing the adversary proceeding that had been filed by F & D and the trustee. On July 27, 1999, the Texas bankruptcy court denied the trustee's motion and granted TRMC's motion to abstain. In re: Keeper Company, Inc., 97-45056-H5-7 (Bankr.Ct.S.D.Tx.) (July 27, 1999).
By letter dated August 10, 1999, F & D made demand upon TRMC to voluntarily stay the state court suit and proceed to mediation and arbitration, in accordance with the contract between TRMC and Keeper that required the parties to arbitrate "[a]ny controversy or Claim arising out of or related to the Contract, or the breach thereof" and to mediate disputes relating to the contract "in addition and prior to arbitration." TRMC rejected that demand, and on August 17, 1999, F & D responded to TRMC's state court suit with pleadings excepting to the suit as premature *148 and seeking a stay pending arbitration. Thereafter, on August 20, 1999, TRMC filed a motion for preliminary injunction and/or motion to strike, seeking an injunction prohibiting F & D from proceeding with arbitration proceedings. On August 27, 1999, F & D filed a motion to compel arbitration and exceptions of prematurity and/or no cause of action and, alternatively, a motion to stay.
The trial court heard TRMC's August 20, 1999 motion and F & D's August 27, 1999 motion at a hearing on September 17, 1999. By judgment signed September 28, 1999, the trial court (1) granted TRMC's motion for preliminary injunction, enjoining F & D, and all persons acting or purporting to act on its behalf, from instituting or prosecuting any demand for mediation and/or arbitration against TRMC, and (2) denied F & D's motion to compel arbitration and exceptions of prematurity and/or no cause of action and, alternatively, motion to stay. In oral reasons for judgment, the trial court determined F & D had waived its right to seek arbitration. The trial court found the actions taken by F & D, in particular, its choice to pursue its claim against TRMC in the Texas bankruptcy case, suggested "that very early on[,] F & D made a decision that the best way to resolve this dispute was not by arbitration but by litigation ...."
F & D appeals from this adverse judgment, asserting the following assignments of error:
(1) The district court erred as a matter of law in concluding that it, and not the arbitrator, was the proper party to address the issue of waiver.
(2) The district court erred as a matter of law in concluding that F & D waived its right to arbitration under the contract.

TRIAL COURT'S AUTHORITY TO DECIDE ISSUE OF WAIVER
In its first assignment of error, F & D contends the trial court erred in addressing the issue of whether F & D waived its right to seek arbitration, arguing that a decision on the waiver issue should have been referred to the arbitrator. Citing Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671 (La.1978) and Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974), F & D argues that waiver of arbitration is an arbitrable issue that cannot be litigated prior to arbitration.
Indisputably, the contract between F & D and Keeper contains an agreement that "[a]ny controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration..." Generally, La. R.S. 9:4201 and 4202 mandate that an arbitration provision in a written contract shall be valid and enforceable. Big River Construction & Remodeling Company, Inc. v. University Club I Apartments, L.P., 598 So.2d 542, 544 (La.App. 1 Cir.1992). However, Louisiana courts have held that arbitration rights given by contract may be waived, by express words or by necessary implication. Musso's Corner, Inc. v. A & R Underwriters, Inc., 539 So.2d 915, 918 (La.App. 4 Cir.1989.) As F & D points out, the supreme court in Bartley, 302 So.2d at 283, held that the issue of waiver is properly addressed by the arbitrator. Although this principle was reiterated by the supreme court in Elliott, we note the Elliott court went on to decide the issue of waiver, but noted the inconsistency of its action. Elliott, 363 So.2d at 676-677. Additionally, we note that in the later case of Matthews-McCracken Rutland Corporation v. City of Plaquemine, 414 So.2d 756 (La.1982), the supreme court itself decided *149 the issue of whether a party had waived its right to demand arbitration, without mention of whether the issue should have been referred to the arbitrator. Thus, it appears the issue of waiver, in some instances, may properly be decided by the court, rather than by the arbitrator.
In Albert K. Newlin, Inc. v. Morris, 99-1093 (La.App. 3 Cir. 1/5/00), 758 So.2d 222, 226, the third circuit held that in a situation where the question of enforcement of an arbitration agreement is introduced by a party who has participated in an ongoing judicial proceeding, the trial court has subject matter jurisdiction to consider the issue of waiver of the right to demand arbitration. See also I.D.C., Inc. v. McCain-Winkler Partnership, 396 So.2d 590 (La.App. 3 Cir.1981) and Sim v. Beauregard Electric Cooperative, Inc., 322 So.2d 410 (La.App. 3 Cir.1975). This court, as well as the fourth circuit, has decided the issue of waiver in similar circumstances. See, e.g., Big River Construction, 598 So.2d at 544; Electrical & Instrumentation Unlimited, Inc. v. McDermott International, Incorporated, 627 So.2d 702 (La.App. 4 Cir.1993). But see Conagra Poultry Company v. Collingsworth, 30, 155 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280. In the instant case, F & D first raised the issue of arbitration after having actively litigated this matter in state, federal, and bankruptcy courts for several months. Considering these circumstances and the existing jurisprudence, we conclude the trial court did not err in deciding the issue of waiver, rather than referring the matter to arbitration.

WAIVER OF THE RIGHT TO DEMAND ARBITRATION
Waiver is usually defined as a voluntary and intentional relinquishment of a known claim. Neither the answering of a judicial demand nor the delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. The fact that a party sought relief from the court before demanding arbitration may be considered, but is not necessarily determinative of whether the right to demand arbitration has been waived. Big River Construction, 598 So.2d at 544. Whether a party, by demanding court action, has waived the right to demand arbitration, and whether the party indeed abandoned his right to request arbitration by resorting to court procedure, will depend on the circumstances of each case. Elliott, 363 So.2d at 675.
In this case, the trial court concluded F & D waived its right to demand arbitration against TRMC by its pursuit of judicial remedies against TRMC. After a thorough review of the record, we agree. After TRMC filed suit against F & D, F & D filed a claim against TRMC in the Texas bankruptcy litigation, seeking the balances due under TRMC's contract with Keeper. F & D also attempted to have TRMC's suit removed to federal court and then transferred to the Texas bankruptcy litigation. The above actions were taken by F & D without mention of the contractual agreement to arbitrate. As found by the trial court, these actions indicate F & D's intent to litigate its dispute with TRMC, rather than to arbitrate it. In an effort to minimize its potential liability for Keeper's obligation, and to avoid having to fight two fronts, F & D attempted to make its dispute with TRMC part of Keeper's bankruptcy proceeding in Texas. It was not until the federal court remanded the case to state court, and until the Texas bankruptcy court chose to abstain from hearing F & D's claims against TRMC, that F & D asserted its right to demand arbitration herein.
*150 The totality of the circumstances in this case indicate the trial court did not err in concluding F & D's actions constituted a waiver of its right to demand arbitration.

DECREE
For the foregoing reasons, the judgment of the trial court (1) granting TRMC's motion for preliminary injunction, enjoining F & D, and all persons acting or purporting to act on its behalf, from instituting or prosecuting any demand for mediation and/or arbitration against TRMC, and (2) denying F & D's motion to compel arbitration and exceptions of prematurity and/or no cause of action and, alternatively, motion to stay, is AFFIRMED. Costs of this appeal are assessed to F & D.
FOGG, J., dissents and assigns reasons.
FOGG, J., Dissents.
For the following reasons, I respectfully dissent. The issue of whether the waiver of arbitration is properly determined by the courts or by an arbitrator turns on two provisions of the Louisiana Arbitration Law, LSA-R.S. 9:4201 et seq. The first article provides for the validity of arbitration agreement stating, in pertinent part, that the provision to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." LSA-R.S. 9:4201. The method by which a party can seek arbitration is set forth in LSA-R.S. 9:4203 which provides, in pertinent part, "The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement."
The Louisiana Supreme Court first reviewed these provisions in the case of Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974), and held that a question of waiver of the right to claim arbitration should be decided by the arbitrator and not the court. Subsequently, in the case of Standard Co. of New Orleans, Inc. v. Elliott Constr. Co., Inc., 363 So.2d 671 (La.1978), the supreme court reviewed the issue for a second time. It determined that the court of appeal failed to properly apply Bartley in concluding that it could review the issue of waiver and stated that the "only grounds for judicial inquiry under § 4201 are those `as exist at law or equity for the revocation of any contract.'" Standard, 363 So.2d at 674. The court noted that "there is a significant legal and practical distinction between the validity of a contract ab initio... and the waiver of the right to enforce the arbitration agreement clause of a valid contract because of actions of a party after the contract was performed." Standard, 363 So.2d at 674. The court then held, applying Bartley, that the waiver of arbitration is an arbitrable issue, not to be litigated prior to arbitration. Standard, 363 So.2d at 674. After reaching this conclusion, the court reviewed the issue of waiver finding consistency in its action and the above legal precepts because (1) the court of appeal found a waiver, (2) the record was before the supreme court, (3) the unnecessary delay of referring to the arbitrator was avoided, and (4) the question of waiver in the judicial system was obviated. Standard, 363 So.2d at 676.
Subsequently, in Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982), the supreme court again stated that once a court finds an agreement to arbitrate and a failure to comply therewith, the court must order arbitration, citing Bartley. The supreme court, however, reviewed the issue "because immediate review was necessary to *151 prevent a possibly needless trial." Matthews-McCracken, 414 So.2d at 757.
Although the supreme court has, in Standard and Matthews-McCracken, considered the issue of a waiver of arbitration, it has consistently held that the issue is properly brought before the arbitrator, not the courts. Nothing in these opinions can be construed to open the door of such review to all courts. Rather, these cases mandate that this issue be referred to an arbitrator. See Conagra Poultry Co. v. Collingsworth, 30,155 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280.
I also disagree with the majority's conclusion that the action of F & D constitutes a waiver of arbitration. "Only in extreme cases have courts found a waiver of the right to demand arbitration." Matthews-McCracken, 414 So.2d at 757. Because of the strong policy favoring arbitration, a party's otherwise explainable conduct should be construed against waiver of arbitration. Matthews-McCracken, 414 So.2d at 757. Neither the answering of a judicial petition nor the delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. Matthews-McCracken, 414 So.2d at 757. Whether a party has abandoned his right to request arbitration by resorting to court procedure will depend on the circumstances of each case. Standard, 363 So.2d at 675.
In this case, F & D's only actions were defensive tactics in ongoing court proceedings instituted by others. In the bankruptcy proceeding of Keeper Company, Inc., F & D, along with the trustee, filed a motion for accounting. This was a defensive action taken by F & D in the bankruptcy proceeding of the contractor to protect monies paid by and owed to F & D under the contract between Hospital Service District Number 3 of the Parish of Lafourche d/b/a Thibodaux Regional Medical Center (TRMC) and Keeper.
In response to a lawsuit filed against it in state court by TRMC, F & D filed petitions to have the suit removed to the bankruptcy proceeding or to federal court. This, too, was a defensive action, responsive to TRMC's action of instituting litigation against F & D in state court.
These actions were followed, within months, by a motion to arbitrate. I do not believe the law requires a party to forego these protective actions in order to preserve its right to arbitration. I found no case law that would dictate such a result. Rather, the jurisprudence cited by the majority, as well as the additional jurisprudence, shows that waiver exists only in circumstances where the party seeking arbitration has first vigorously sought to assert its rights in the courts. Therefore, I would find that F & D did not waive its right to arbitration.
NOTES
[1] Part of the factual and procedural background in this opinion is taken from an order written by a federal district court that abstained from exercising subject matter jurisdiction over this case and remanded the action to state court. Hospital Service District No. 3 of the Parish of LaFourche, State of Louisiana, d/b/a Thibodaux Regional Medical Center v. Fidelity & Deposit Company of Maryland, 1999 WL 294795, *1 (E.D.La.1999).