784 So.2d 867 (2001)
FLATLAND REAL ESTATE COMPANY, LLC
v.
DUGAS CONSTRUCTION, INC., et al.
No. 00-1794.
Court of Appeal of Louisiana, Third Circuit.
May 9, 2001.
*869 Nicholas Gachassin, Jr., The Gachassin Law Firm, Lafayette, LA, Counsel for Plaintiff/Appellant: Flatland Real Estate Company, L.L.C.
Steven B. Loeb, Breazeal, Sachse & Wilson, Baton Rouge, LA, Counsel for Defendant/Appellee: Dugas Construction, Inc.
Court composed of DOUCET, Chief Judge, THIBODEAUX, and SULLIVAN, Judges.
SULLIVAN, Judge.
Flatland Real Estate Company, LLC (Flatland) appeals the trial court's grant of an exception of prematurity and stay of proceedings. For the following reasons, we affirm.

Facts
Flatland entered into a construction contract with Dugas Construction, Inc. (Dugas). Disputes arose regarding certain payments allegedly owed by Flatland to Dugas and various subcontractors. On August 3, 2000, Flatland filed a concursus proceeding impleading Dugas, its surety, and two subcontractors. On August 4, 2000, Dugas filed suit against Flatland, alleging that Flatland failed to pay in accordance with the contract. The two matters were consolidated. On October 18, Dugas filed a motion to stay the court proceedings and an order for the parties to submit to arbitration pursuant to the provisions of the construction contract, which the trial court denied. Thereafter, on October 20, Dugas filed a motion to reconsider its motion for stay pending arbitration, which was also denied. Dugas again sought reconsideration of its motion, and after a hearing held on November 6, the trial court granted Dugas a stay and ordered that the matter proceed to arbitration. The trial court's judgment granting Dugas' motion to stay was designated as a final judgment.
Flatland appealed, assigning as error the trial court's grant of the stay. This court ex proprio motu recognized that the trial court's judgment was an interlocutory judgment. The issue of whether this matter was properly before this court was referred to the merits on appeal. The parties were instructed to brief the following issue, along with any issue asserted by Flatland on appeal: was the trial court's grant of the motion to stay error. Accordingly, we first consider whether the trial court properly designated the judgment as a final judgment.

Designation as Final Judgment
Article 1915(B) of the Code of Civil Procedure provides for designation by the trial court of partial judgments, partial summary judgments, or judgments that sustain exceptions as final judgments after the trial court makes "an express determination that there is no just reason for delay." A partial judgment is appealable only if designated as a final judgment by the trial court. See Comment to La. Code Civ.P. art. 1915. Even if a judgment is designated as a final judgment under Article 1915, it may be non-appealable. Van v. Davis, 00-206 (La.App. 1 Cir. 2/16/01); ___ So.2d ___, 2001 WL 138492; Banks v. State Farm Ins. Co., 30,868 (La. App. 2 Cir. 3/5/98); 708 So.2d 523; Moss v. Coury, 97-640 (La.App. 3 Cir. 12/10/97); 704 So.2d 1248; writ denied, 98-783 (La.5/29/98); 720 So.2d 340.
During the hearing on Dugas' motion to reconsider its motion for stay pending arbitration, the parties indicated that they did not object to the trial court designating the judgment granting the stay and ordering arbitration as a final judgment and the trial court agreed to designate the judgment as a final judgment without stating its reasons for doing so.
*870 In Banks, 708 So.2d 523, and Berman v. De Chazal, 98-81 (La.App. 5 Cir. 5/27/98); 717 So.2d 658, the courts considered whether a grant of summary judgment on one issue was properly before the court on appeal pursuant to Article 1915. Both courts discussed Article 1915 in light of its federal counterpart, Rule 54(b). Berman recognized federal and state policies against partial appeals which led to piecemeal litigation, as well as the fact that there are situations where immediate appeals are appropriate under the circumstances, even though they do not address all of the issues presented in the litigation, noting that the federal rule grants trial court judges "the discretion to weigh the competing factors of sound judicial administration and justice to the litigants, and to certify partial final judgments for appeal when justice to the litigants preponderate[s]." Id. at 660.
Each court, citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3rd Cir.1975), enumerated the factors which federal courts apply to determine when partial judgments should be certified as immediately appealable:
(1) The relationship between the adjudicated and the unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
(5) Miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Berman, 717 So.2d at 660; Banks, 708 So.2d at 525.
In Banks, the court determined that the trial court's failure to articulate reasons for certifying the partial judgment as final for appeal required that the matter be remanded to the trial court for written reasons setting forth those reasons. In Berman, the court referred again to federal law which has established that a trial court's decision to certify a judgment as appealable is reviewable under the abuse of discretion standard. Thus, if it is determined that the trial court abused its discretion in certifying the matter for appeal, the appeal is dismissed. When the trial court does not give reasons for certifying the matter, the appellate court reviews the determination de novo. For purposes of judicial efficiency and economy, we adopt the approach taken by the Fifth Circuit in Berman, and hold that the proper standard of review for an order certifying a judgment for appeal accompanied by reasons, is whether the trial judge abused his discretion; when no reasons are given, as in this case, the proper method of review is a de novo determination of whether the certification was proper pursuant to the criteria enumerated in Allis-Chalmers. Accordingly, we will perform a de novo determination in this case.
Judgments staying proceedings and ordering arbitration are interlocutory judgments which can be appealed only if they cause irreparable injury. Collins v. Prudential Ins. Co. of America, 99-1423 (La.1/19/00); 752 So.2d 825. In Collins, the supreme court held that an immediate appeal from an order compelling arbitration was not available because having to submit to arbitration does not cause irreparable injury. In doing so, the court noted that the arbitration order at issue had not *871 been designated as a final judgment under La.Code Civ.P. art. 1915.
The first of the Allis-Chalmers factors has no bearing on our decision, as there are no claims which remain with the trial court for determination; all claims asserted by the parties to this litigation will be determined by an arbitrator. Arbitration may lead to a resolution of all claims that are satisfactory to the parties, negating the need for action by the trial court or this court. While we may be urged to reconsider the initial order for arbitration on appeal, it is unlikely that the issue would be reconsidered without new evidence under the law of the case doctrine. See Ducote v. City of Alexandria, 97-947 (La.App. 3 Cir. 2/4/98); 706 So.2d 673, writs denied, 98-1061, 98-1070 (La.5/29/98); 720 So.2d 671. Judicial administration has not been negatively affected. Furthermore, the parties have not begun discovery, so the time and expense of preparation for arbitration has not been negatively affected either. Finally, we observe that reversal of the trial court's order for arbitration would eliminate the need for the parties to submit to that proceeding. We conclude that the trial court's certification of the judgment ordering arbitration and staying the proceedings was appropriate.

Order to Arbitrate
At the hearing on Dugas' motion to stay the proceedings and order arbitration, the parties agreed that the issue presented for the trial court's consideration was whether Dugas had waived its right to demand arbitration. The trial court's determination that there was no waiver of the right to demand arbitration was a factual finding. Factual findings of the trial court will not be upset absent manifest error or unless they are clearly wrong. Todd v. State Through the Dept. of Social Services, Office of Community Services, 96-3090 (La.10/31/97); 701 So.2d 958.
The right to demand arbitration is strong under federal and state law. Collins, 752 So.2d 825; Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982). La. R.S. 9:4201 provides that when a contract contains an arbitration provision the provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." When a court determines that a matter pending before it is "referable to arbitration under an agreement in writing for arbitration," and a party has requested a stay of the proceeding in order to submit its claims to arbitration, the court must stay the proceeding to allow arbitration. La.R.S. 9:4202.
Our courts have determined that, in spite of La.R.S. 9:4201's provision that an arbitration clause is irrevocable, a party's conduct can effect a waiver of its right to demand arbitration. See, Thomas v. Desire Community Hous. Corp., 98-2097 (La.App. 4 Cir. 8/10/00); 773 So.2d 755; Albert K. Newlin, Inc. v. Morris, 99-1093 (La.App. 3 Cir. 1/5/00); 758 So.2d 222; I.D.C., Inc. v. McCain-Winkler Partnership, 396 So.2d 590 (La.App. 3 Cir. 1981); Sim v. Beauregard Elec. Coop., Inc., 322 So.2d 410 (La.App. 3 Cir.1975). However, "[w]aiver of arbitration is not a favored finding and there is a presumption against it." Rauscher Pierce Refsnes, Inc. v. Flatt, 93-1672, p. 5 (La.App. 4 Cir. 2/11/94); 632 So.2d 807, 810. The burden of proof to establish waiver of arbitration is heavy, and the party seeking to establish waiver must show that it has been prejudiced by the actions of the party requesting arbitration. Id.
We have reviewed the facts presented in this matter and find no error *872 with the trial court's conclusion that Dugas did not waive its right to demand arbitration. We have considered the fact that Dugas filed suit against Flatland the day after Flatland filed its concursus proceeding and Flatland's argument that Dugas' waived its right to arbitration by doing so. We agree with the trial court's observation that filing suit alone does not constitute a waiver; it is a factor to be considered in determining whether a waiver has occurred. See, Albert K. Newlin, Inc., 758 So.2d 222; Electrical & Instrumentation Unlimited, Inc. v. McDermott Int'l., Inc., 627 So.2d 702 (La.App. 4 Cir.1993), citing Matthews-McCracken Rutland Corp., 414 So.2d 756. As previously noted, no discovery had been conducted by the parties when the order for arbitration was granted. Moreover, Flatland filed a motion to continue the trial date on the grounds that the parties needed to conduct additional discovery just days before Dugas filed its motion to stay. We have also considered the fact that Dugas sought arbitration only two months after suit was filed herein. In cases where a party was found to have waived its right to arbitration, the lapse of time between filing suit and the request for arbitration was much greater. See, e.g., Albert K. Newlin, Inc., 758 So.2d 222 (motion to stay was filed five days before trial was to begin; more than nineteen months after suit was filed; party seeking arbitration had obtained three continuances prior to filing motion to stay); Sim, 322 So.2d 410 (plaintiff filed supplemental petition seeking arbitration after hearings on two motions for summary judgment had been held; thirty-three months after suit was instituted).
We find no error with the trial court's staying the proceedings for arbitration.
Flatland also argues Dugas is not entitled to demand arbitration because it failed to present its claims to the architect and did not initiate arbitration as provided for in the construction contract. In Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974), the supreme court determined that "questions of procedural arbitrability" should be submitted to an arbitrator; they are not to be decided by a court. This assignment is without merit.

Decree
The trial court's designation of its judgment granting the motion to stay proceedings pending arbitration as a final judgment and its granting of the motion to stay to allow for arbitration are affirmed. All costs are assessed to Flatland.
AFFIRMED.