857 So.2d 582 (2003)
INTEGRITY FLOORING, LLC, d/b/a Southeast Flooring
v.
MID SOUTH CONTRACTORS, LLC.
No. 2002 CA 2636.
Court of Appeal of Louisiana, First Circuit.
September 26, 2003.
*583 Craig L. Kaster, Zachary, Counsel for Plaintiff/Appellant Integrity Flooring, LLC d/b/a Southeast Flooring.
J. Kenton Parsons, Terri M. Collins, Brent J. Bourgeois, Baton Rouge, Counsel for Defendants/Appellees Mid South Contractors, LLC and Carolina Casualty Insurance Company.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
GUIDRY, J.
This appeal arises from a judgment of the trial court denying a subcontractor's motion to stay the district court action to recover sums allegedly owed for work performed until a pending arbitration proceeding was resolved.

FACTS AND PROCEDURAL HISTORY
On or about August 29, 2000, Mid South Contractors, LLC (Mid South) and Integrity Flooring, LLC, doing business as Southeast Flooring (Integrity), entered into a subcontract agreement whereby Integrity would perform certain flooring work in conjunction with a construction project for which Mid South was awarded the general contract. Following the filing of a notice of substantial completion, Mid South received a letter from the owner of the project notifying it that the flooring *584 work was unacceptable and demanding replacement or repair of the defective work. Mid South, in turn, notified Integrity of the demand and requested that Integrity correct the defective work. The corrective work was not performed.
On April 18, 2002, Integrity filed the instant suit in district court demanding payment of the sums owed to it pursuant to its subcontract agreement with Mid South while "reserving all rights to arbitration pursuant to the contract documents." Integrity filed a discovery request with the petition. A month later, Integrity amended its petition to name Carolina Casualty Insurance Company, issuer of a performance and payment bond to Mid South relative to the project at issue, as an additional defendant. Integrity filed an additional discovery request with the amended petition.
Subsequently, Mid South filed its answer and a reconventional demand to Integrity's petition, denying liability, asserting various affirmative defenses, and reconvening for the repair of the defective flooring. In response to Mid South's reconventional demand, Integrity filed an answer on June 17, 2002. In its answer, Integrity reserved its right to arbitration pursuant to the subcontract agreement, denied liability for the allegedly defective work, and asserted various affirmative defenses. Concurrently, Integrity filed a motion to stay the trial court proceedings pending arbitration.
Following a hearing, the trial court denied the motion to stay. Integrity applied for supervisory writs to this court, and this court determined that the trial court's judgment denying Integrity's motion to stay was an appealable, interlocutory judgment because of the potential to cause irreparable injury. Thus, the case was remanded to the trial court with instructions to convert Integrity's writ application to an appeal and to stay the proceedings pending Integrity's perfection of a suspensive appeal. Integrity Flooring, LLC v. Mid South Contractors, LLC, 2002-2089 (La.App. 1st Cir.12/3/02)(unpublished writ). This appeal followed.

DISCUSSION
In bringing this appeal, Integrity claims that the trial court erred in denying its motion to stay based on the finding that Integrity had waived its right to arbitration. A determination that a party has waived the right to arbitration is a factual finding subject to the manifest error standard of review. Flatland Real Estate Company, LLC v. Dugas Construction, Inc., 00-1794, p. 5 (La.App. 3rd Cir.5/9/01), 784 So.2d 867, 871. Louisiana Revised Statutes 9:4202 further provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
Furthermore, La. R.S. 9:4201 provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Nevertheless, Louisiana jurisprudence has held that despite this mandate, a party's conduct can effect a waiver of its right to demand arbitration. Hospital Service District No.3 of the Parish of Lafourche v. Fidelity & Deposit Company of Maryland, 99-2773, p. 5 (La.App. 1st *585 Cir.1/16/01), 809 So.2d 145, 148, writ denied, 01-0679 (La.4/27/01), 791 So.2d 639; Flatland Real Estate Company, LLC, 00-1794 at 5, 784 So.2d at 871.
Waiver of arbitration, however, is not a favored finding, and there is a presumption against waiver. Flatland Real Estate Company, LLC, 00-1794 at 5, 784 So.2d at 871. The burden of proof to establish waiver of arbitration is heavy, and the party seeking to establish waiver must show that it has been prejudiced by the actions of the party requesting arbitration. Simpson v. Pep Boys-Manny Moe & Jack, Inc., 03-0358, p. 4 (La.App. 4th Cir.4/10/03), 847 So.2d 617, 621. Whether a party, by demanding court action, has waived the right to demand arbitration, and whether the party indeed abandoned his right to request arbitration by resorting to court procedure, will depend on the circumstances of each case. Hospital Service District No.3 of the Parish of Lafourche, 99-2773 at 6, 809 So.2d at 149.
Louisiana has a strong public policy that favors the enforcement of arbitration clauses. Shroyer v. Foster, 01-0385, p. 5 (La.App. 1st Cir.3/28/02), 814 So.2d 83, 87. It has been held that only in extreme cases should a court find that a party has waived its right to arbitration. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756, 757 (La.1982). Based on our review of the record before us, we find that the trial court manifestly erred in concluding that such extreme circumstances were shown in this case, and that continuing with arbitration at that juncture in the proceedings was prejudicial Mid South.
The trial court reasoned that granting the motion to stay would prejudice Mid South because the judicial process had been substantially invoked and thus, Integrity waived its right to seek arbitration. The fact that a party sought relief from the court before demanding arbitration is not, in and of itself, determinative of whether the right to demand arbitration is waived. It is only a factor to consider in making such a determination. Big River Construction & Remodeling Co., Inc. v. University Club I Apartments, L.P., 598 So.2d 542, 544 (La.App. 1st Cir. 1992). Integrity filed a motion to stay the judicial proceedings to pursue arbitration of its claims against Mid South just two months after filing its initial petition. Thus, there was no lengthy participation in the litigation process prior to Integrity filing its request for arbitration. See Simpson, 03-0358 at 4, 847 So.2d at 624; Flatland Real Estate Company, LLC, 00-1794 at 5, 784 So.2d at 872; Albert K. Newlin, Inc. v. Morris, 99-1093, p. 9 (La. App. 3rd Cir.1/5/00), 758 So.2d 222, 228; Big River Construction & Remodeling Co., Inc., 598 So.2d at 545.
The record also reveals that although some discovery was conducted in this case, it was not so extensive as to constitute a substantial invocation of the judicial process to the detriment or prejudice of Mid South. See B & S Equipment Company, Inc. v. Carl E. Woodward, Inc., 620 So.2d 347, 351 (La.App. 5th Cir.), writ denied, 629 So.2d 394 (La.1993). Specifically, the record shows that the only discovery conducted by the parties at the time of the hearing was the request for documents and a request for admissions filed by Integrity and other written discovery requests made upon Integrity by Mid South.[1] Counsel for Mid South admitted *586 at the hearing, however, that discovery was by no means complete in that Mid South desired to conduct depositions as well. See B & S Equipment Company, Inc., 620 So.2d at 351.
Furthermore, counsel for Mid South and Integrity both admitted at the hearing that Integrity's initial request for a "fast track" arbitration procedure would most likely be converted to a regular procedure, and that under a regular procedure, discovery is allowed. Mid South did not establish that the discovery already conducted by the parties would not be allowed in the arbitration proceedings. Thus, Mid South did not establish prejudice as a result of the discovery that had been conducted. See Simpson, 03-0358 at 9, 847 So.2d at 624.
In delineating the manifest error standard of review, the Louisiana Supreme Court stated in Mart v. Hill, 505 So.2d 1120, 1127 (La.1987):
[I]f an appellate court concludes that the trial court's factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. Although appellate courts must accord great weight to the factual findings of the trial judge, these same courts have a duty to determine if the fact finder was justified in his conclusions. An appellate court is not required, because of the foregoing principles of appellate review, to affirm the trier of fact's refusal to accept as credible uncontradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles. (Citations omitted).
Although the record does contain some evidence that would support the trial court's finding, having considered all of the evidence of record in the bright light of the applicable legal principles, we conclude that the evidence is insufficient to show that Integrity's actions were so extreme as to prejudice Mid South if the matter were allowed to proceed to arbitration. Thus, based on the record before us, we hold that the trial court was clearly wrong in finding that Integrity had waived its right to pursue arbitration.

CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court denying Integrity's motion to stay and hereby order that the proceedings below be stayed pending the resolution of the parties' arbitration action. All costs in this appeal are cast to the defendant, Mid South Contractors, LLC.
REVERSED AND RENDERED.
NOTES
[1] Although copies of the discovery requests filed by Mid South do not appear in the record before us, counsel for both parties acknowledge that Mid South did file the requests. Counsel also acknowledged that both sides had provided answers to the discovery filed.