861 So.2d 139 (2003)
INTERNATIONAL RIVER CENTER, et al.
v.
JOHNS-MANVILLE SALES CORPORATION, et al.
No. 2002-CC-3060.
Supreme Court of Louisiana.
December 3, 2003.
*140 Victor J. Franckiewicz, Jr., Howard L. Murphy, Deutsch, Kerrigan & Stiles, New Orleans; John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans; Jack M. Allmont, Sessions, Fishman & Nathan, New Orleans; James L. Pate, LaBorde & Neuner, Lafayette, for Applicant.
Stephen M. Cooper, Diana S. Mitnik, Godfrey B. Parkerson, Plauche, Maselli, Landry & Parkerson, New Orleans, for Respondent.
TRAYLOR, Justice.
This matter stems from a contractual dispute concerning the manufacture and installation of the roof of the Hilton Riverside Hotel in New Orleans. We granted certiorari in order to determine which entity determines whether a contractual arbitration agreement has been waived by a party's actionsthe courts or an arbitrator.

FACTS and PROCEDURAL HISTORY
International River Center (IRC), the owner of the Hilton Riverside Hotel in New Orleans, entered into a contract with the Henry C. Beck Company (Beck) to act as a general contractor in the hotel's construction in 1975. In 1985, IRC filed a damage suit alleging defects in the roof against Beck and the Johns-Manville Sales Corporation (JM), the manufacturer of the roofing system.
IRC did not serve the suit on Beck and JM until 1989. After being served, Beck filed a third party demand against Standard Roofing Company (SRC), the roofing subcontractor. IRC did not vigorously pursue the lawsuit and there were periods of dormancy until August 2000, when IRC retained new counsel. Thereafter, in January 2002, SRC filed a pleading entitled "Motion to Stay Pending Arbitration." In support, SRC relied on an arbitration agreement contained in the general contract between IRC and Beck. SRC argued that IRC had refused to comply with the arbitration clause and that any question of waiver of the right to arbitrate should be referred to the arbitrators. Beck and JM joined in SRC's motion.
IRC opposed the motion, arguing that the defendants had waived their right to arbitrate because depositions had been taken and documents had been produced, and because IRC would be prejudiced due to the significant delay which had occurred prior to SRC's invocation of the arbitration clause.
After a hearing, the trial judge denied the defendants' motion to stay the trial, stating that "an unreasonable time ha[d] passed" since suit had been filed and before *141 arbitration had been demanded. The defendants applied for supervisory writs from the trial court's ruling, which the court of appeal denied.

DISCUSSION
This issue is controlled by La. Rev.Stat. §§ 9:4201-4217, "The Louisiana Binding Arbitration Law."[1] As this court has stated many times, the starting point for the interpretation of any statute is the language of the statute itself. Cat's Meow, Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186, 1198. In the instant matter, where suit was brought prior to the invocation of the arbitration clause, La.Rev.Stat. § 9:4202, entitled "Stay of proceedings brought in violation of arbitration agreement," applies:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
According to Section 4202, a court shall stay the trial of an action in order for arbitration to proceed if any party applies for such a stay and shows (1) that there is a written arbitration agreement and (2) the issue is referable to arbitration under that arbitration agreement, as long as the applicant is not in default in proceeding with the arbitration. Here, neither the fact that there is a written arbitration agreement, nor that the issue is referable to arbitration under that agreement, is in dispute. According to the plain language of the statute, then, the trial court "shall" stay the trial of the action until arbitration is had unless the applicant is in default in proceeding with the arbitration. The term "default" is not explicitly defined in the Louisiana Binding Arbitration Law; however, Section 4203 of the Law, entitled "Remedy in case of default; petition and notice; hearing and proceedings," provides clear guidance. The Section reads in pertinent part:
The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' written notice of the application shall be served upon the party in default....
As stated in Section 4203, then, a party in default is a party who has "fail[ed] or refus[ed] ... to perform under a written agreement for arbitration." Here, the party in default is the plaintiff, IRC, or as it is stated in Section 4202, the defendants, Beck, JM, and SRC, are not parties in default and, thus, their motions to stay pending arbitration should have been granted according to the language of the statute and under the facts of this case.
La.Rev.Stat. § 9:4203, which generally pertains to those cases when a party defaults, prior to a suit having been filed, also allows a trial court to ascertain only *142 two basic facts before ordering arbitration. The second paragraph of the statute reads:
The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
As seen, Section 4203 makes clear that the only two issues with which the trial court may concern itself are (1) whether there is a dispute as to the making of the agreement and (2) whether a party has failed to comply with the agreement. If the trial court determines that those two facts are not in issue, the court "shall issue an order directing the parties to proceed to arbitration."
The language of both Section 4202, controlling when suit has been brought on the issue referable to arbitration, and Section 4203, controlling when such a suit has not yet been filed, mandates that the trial court shall order arbitration when the elements contained within the statutes are proved or not disputed. Neither statute allows the trial court to determine waiver issues.
Our jurisprudence supports this conclusion. We have previously examined the issue of waiver in arbitration cases on three occasions. In the case of Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974), a contractor sued a subcontractor and the owner to compel the arbitration of a matter arising out of a construction contract. The subcontractor and owner filed exceptions of prematurity, based upon the contractor's failure to first submit the claim to the architect, as mandated by the arbitration clause. The trial court maintained the exceptions and the court of appeal affirmed. This court reversed without reaching the merits of prematurity or waiver, stating that questions of procedural arbitrability, such as those, should not be decided by the courts without having been first submitted to an arbitrator. The court reasoned that La.Rev. Stat. § 9:4203 requires a court to order arbitration once it has found that there is an agreement to arbitrate and a failure to comply with that agreement.
Our next opportunity to examine the issue came in the matter of Standard Co. of New Orleans, Inc. v. Elliott Construction Co., Inc., 363 So.2d 671 (La.1978). There, a contractor filed a claim for equitable adjustment against the State of Louisiana with the architect as required by the arbitration clause. Two months after filing the claim, the contractor filed a third-party demand against the State in a civil suit brought by a subcontractor. After the architect issued a decision on the equitable adjustment, the contractor invoked arbitration. The State then filed a motion in the civil suit requesting an order that the contractor show cause why it had not waived arbitration by filing the third-party demand.
The trial court, relying on Bartley, found that the only relevant issues were (1) whether an agreement to arbitrate had been made, and (2) whether a party had refused to comply with the agreement. The trial court answered both questions in the affirmative and ordered arbitration. The court of appeal reversed, interpreting Section 4203 as allowing the revocation of an arbitration clause "upon such grounds as exist at law or in equity for the revocation of any contract[;]" finding that the court must "consider and rule upon any contention that such ground exists[;]" and determining that waiver constituted a ground for revocation. Standard Co. of *143 New Orleans, Inc. v. Elliott Construction Co., Inc., 359 So.2d 224, 226. This court reversed, distinguishing between the case of the revocation of an invalid contract which contains an arbitration clause and the waiver of an arbitration clause in an otherwise valid contract: the former requiring the attention of the court, and the latter being reserved for the arbitrator. Though the court ruled, as it did it in Bartley, that the question of waiver should be decided by the arbitrator, it proceeded to decide the waiver issue itself, for reasons of speed and economy.
Finally, this court examined the issue in Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La. 1982). In that case, the plaintiff filed a breach of contract suit, alleging damages against the city. The city then filed a third-party demand against another contractor. Eighty-eight days after filing its answer, the separate contractor announced its intent to pursue arbitration on the claim asserted in the third-party demand. The trial court refused to order arbitration, relying on a prior ruling by the same judge in a companion case. The court of appeal denied the separate contractor's application for supervisory writs.
This court again cited Bartley, stating that "[o]nce the court finds an agreement to arbitrate and a failure to comply therewith, the court shall order arbitration." Matthews-McCracken, 414 So.2d at 757 (emphasis in original). The court then proceeded directly to a determination that waiver had not occurred, stating, "Only in extreme cases have courts found waiver of the right to demand arbitration." Matthews-McCracken, 414 So.2d at 757. The court did not explain why it ruled on the waiver issue after having found the only issues pertinent to the courts were whether there was "an agreement to arbitrate and a failure to comply therewith." Matthews-McCracken, 414 So.2d at 757.
The U.S. Supreme Court, like this court, has stated that waiver and other "procedural arbitrability" issues should be reserved to arbitrators rather than the courts. Most recently, in discussing the issue of waiver with regards to the Federal Arbitration Act, a collection of statutes which is very similar to the Louisiana Binding Arbitration Law, the Court said in Howsam v. Dean Witter Reynolds, 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed. 2d 491 (2002):
This Court has determined that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Although the Court has also long recognized and enforced a "liberal federal policy favoring arbitration agreements," it has made clear that there is an exception to this policy: The question whether the parties have submitted a particular dispute to arbitration, i.e., the "question of arbitrability," is "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." ...
* * *
Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide. Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court.
At the same time, the Court has found the phrase "question of arbitrability" not applicable in other kinds of general circumstances where parties would likely expect that an arbitrator would decide the gateway matter. Thus "`procedural' questions which grow out of the dispute *144 and bear on its final disposition" are presumptively not for the judge, but for an arbitrator to decide. So, too, the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." And the comments add that "in the absence of an agreement to the contrary, issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." (Emphasis in original, citations omitted).
Howsam, 537 U.S. at 83-85, 123 S.Ct. at 593.
Based upon the above and previous statements by the Supreme Court,[2] it seems as though both this court and the Supreme Court agree that the wording of the applicable arbitration law[3] requires that the court shall order arbitration "once [the court] finds that there has been an agreement to arbitrate and a failure to comply therewith." Matthews-McCracken, 414 So.2d at 757. It is also apparent that the Supreme Court agrees with this court's earlier statements that waiver is reserved for the arbitrator to decide.
Although we do not believe that the arbitrator is necessarily in the best position to determine if waiver has occurred, the legislature has determined that it is the arbitrator who will make that decision and it is not the province of this court to second guess such policy decisions. If, however, the parties to an arbitration agreement wish for the courts, rather than the arbitrator, to determine the issue of waiver, they may certainly construct the arbitration clause in such a manner as to so allow.

DECREE
For the foregoing reasons, the ruling of the trial court is reversed. The matter is remanded to the trial court for disposition not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Chapter 1 of Code Title XIX of Code Book III of Title 9, containing R.S. 9:4201 to 9:4217, was redesignated as Chapter 2 by Acts 1997, No. 1451, § 2. Section 2 of Act 1451 also changed the heading of former Chapter 1 from "Louisiana Arbitration Law" to "Louisiana Binding Arbitration Law."
[2] See, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23, n. 27, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), "Section 4 provides that a district court must enter an order to arbitrate `upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.'"
[3] Section 4 of the Federal Arbitration Act, like § 4203 of the Louisiana Arbitration Act, provides in pertinent part: ... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement ...