984 So.2d 838 (2008)
Dr. Walter J. JUNG, IV
v.
Dr. William A. COUVILLION.
No. 2007 CA 1154.
Court of Appeal of Louisiana, First Circuit.
February 20, 2008.
*839 David M. Cohn, Baton Rouge, LA, for Plaintiff/Appellee, Dr. Walter J. Jung, IV.
Glen R. Peterson, Baton Rouge, LA, Counsel for Defendant/Appellant, Dr. William A. Couvillion.
Before PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Dr. William A. Couvillion appeals a judgment ordering him to participate in arbitration and referring to the arbitrator the determination of the applicability of the "procedural requirement of time limitations" regarding further arbitration. We affirm the judgment of the trial court.

Facts and Procedural History
Dr. Walter J. Jung, IV, filed suit against Dr. Couvillion to enforce an arbitration clause in of a 2004 settlement agreement requiring them to resolve future disputes through binding arbitration. Dr. Jung asserted that Dr. Couvillion had refused to arbitrate numerous disputes, and he petitioned the court pursuant to La. R.S. 9:4203 for an order directing that arbitration proceed.[1]
*840 Pertinently here, Dr. Couvillion raised the affirmative defense of prescription under La. C.C. art. 3105, which restricts the duration of the power of arbitrators. This article provides in pertinent part as follows:
A. If the submission does not limit any time, the power of the arbitrators may continue in force during three months from the date of the submission, unless the parties agree to revoke it.
After a hearing, the trial court declined to decide the prescription issue. Rather, it ordered Dr. Couvillion to participate in the arbitration and referred the prescription issue to the arbitrator. The trial court denied Dr. Couvillion's motion for a new trial.
On appeal, Dr. Couvillion raises one issuewhether "La. C.C. art. 3105 prevent[s] a court from ordering the parties to the agreement to pick up where they left off some two years prior and start arbitrating all over again."

Discussion
If an exception of prescription attacks the validity of an arbitration agreement, the trial court, not the arbitrator, determines whether an arbitration agreement is not enforceable because it is prescribed. Parker v. St. Tammany Parish Hosp. Service Dist., 94-2278, pp. 6-7 (La. App. 1 Cir. 2/27/96), 670 So.2d 531, 535. However, if the arbitration contract is not prescribed and is otherwise valid, the arbitrator is the proper person to decide prescription issues that deal with the merits of the controversy between the parties. In Parker, this court concluded that the prescription issue was "instead part of the `controversy arising out of claims based on negligence or medical malpractice' which the parties specifically agreed to refer to arbitration." Parker, 94-2278 at pp. 7-8, 670 So.2d at 536.
Recently, in Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C., 06-1950 (La.App. 1 Cir. 7/25/07), 965 So.2d 455, this court discussed the interpretation of arbitration clauses. We first noted that "[t]he positive law of Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id., 06-1950 at p. 7, 965 So.2d at 459. We reiterated that under La. R.S. 9:4203, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id., 06-1950 at p. 8, 965 So.2d at 460. We noted that procedural questions arising from the dispute are presumptively not for the judge to decide. Rather, the presumption is that the "`arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability.'" (Emphasis deleted; citation omitted.) Id., 06-1950 at p. 9, 965 So.2d at 460.
Here, there is no dispute that the arbitration agreement exists or that Dr. Couvillion is failing to comply with the agreement. Therefore, determination of the applicability of time limitations under *841 La. C.C. art. 3105 is a function for the arbitrator.
Louisiana Civil Code art. 3099 apparently applies only to agreements to arbitrate a present dispute, which the Code calls a "submission." Its terms seemingly do not apply to agreements to arbitrate disputes in the future. Under Art. 3099, a submission is a covenant by which persons who have a present lawsuit or difference with one another agree to name arbitrators to decide the matter.
Agreements to arbitrate future disputes were invalid in Louisiana until 1928. For example, the Louisiana Supreme Court in Saint v. Martel, 127 La. 73, 98, 53 So. 432, 440 (1910), citing prior jurisprudence, held:
[A]n agreement to refer, for final determination, differences, to arise in the future, to arbitrators, to be appointed by the parties [is not valid], and the courts will not compel persons to appoint arbitrators, nor will they otherwise enforce agreements whereby persons undertake, with regard to matters to arise in the future, to close the doors of the courts against themselves.
At common law an agreement to arbitrate future disputes was also unenforceable. See Judge Alvin Rubin, "The Enforcement of Collective Bargaining Agreements by Arbitration in Louisiana," 17 La.L.Rev. 1 (1956), both for the history of the subject and for this author's ability to tell a story.
In La. Acts 1928, No. 262, however, the legislature authorized and validated contracts to settle future disputes by arbitration.
Section 1A of this act also addresses submissions and tracks La. C.C. art. 3099. The title to Act 262 states that the act repeals all acts or parts of acts on the same subject or inconsistent with the act. This language would appear to repeal the Civil Code articles on arbitration. However, Section 18 of Act 262, the repealer clause, only repeals inconsistent acts. La. Acts 1932, No. 218 added provisions concerning disputes between employers and employees, but tracks the same title and repealer clause. Then in La. Acts 1948, No. 377, again the title states that "all Acts on the same subject or inconsistent herewith are repealed," but, once again, the actual repealer clause only repeals inconsistent acts.
It appears that the adoption of the Louisiana Binding Arbitration Law, La. R.S. 9:4201, et seq., did not repeal the Civil Code articles on arbitration unless they are inconsistent. However, what is clear is that the time limit of three months for a submission under La. C.C. art. 3105 A only applies to that clause of 9:4201 which states: "an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit"a present dispute contemplated by a La. C.C. art. 3099 submission. Article 3105 A does not apply to an agreement in a contract to arbitrate controversies in the future.
Therefore, the arbitrator shall determine whether this agreement to arbitrate arises from a contract whereby the parties agreed to future arbitration, such that La. C.C. art. 3099 does not apply, or whether the parties entered into a submission to which La. C.C. art. 3099 would apply.
Accordingly, we find no merit in Dr. Couvillion's assignment of error.

Decree
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Dr. William A. Couvillion.
AFFIRMED.
*842 PARRO, J., concurs.
KUHN, J., concurs & assigns reasons.
KUHN, J., concurring.
La. C.C. art. 3105 simply refers to the power of the arbitrator and does not set forth a time limit. Any implication in the opinion to the contrary is dicta.
NOTES
[1] La. R.S. 9:4203 provides as follows:

The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
If no jury trial is demanded, the court shall hear and determine the issue. Where such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of the issue, and upon such demand the court shall issue an order referring the issue or issues to a jury called and empaneled in the manner provided by law.
If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall issue an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof. (Emphasis added.)