CHEHARDY, C.J.
In this writ application, relators, H2 O, Inc., Michael John Gaspard, and Holli Gaspard, seek review of the district court's denial of their Motion to Stay and/or for Protective Order. For the following reasons, we grant this writ application, reverse the trial court's ruling, and remand for further proceedings consistent with this disposition.
Factual and Procedural History
Christina Nelson worked for H2 O as a cosmetologist. As a requirement of her employment with the company, Nelson executed, among other agreements,[1] an arbitration agreement, which permits either party to initiate arbitration for any "employment related dispute," which is defined to include "a claim under federal, state, loca[l] statute, regulation, or common law doctrine regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment ..."
In January 19, 2018, Nelson instituted this action against the company and the Gaspards (hereinafter "the H2 O defendants"), asserting claims that arise out of allegedly improper payroll and wage deductions during her employment with the company. On March 19, 2018, the H2 O defendants filed their reconventional demand seeking damages for Nelson's alleged breach of her non-competition agreement.
On December 11, 2018, the H2 O defendants filed a "Motion to Stay and/or for Protective Order" pursuant to La. R.S. 9:4202, seeking to stay the proceedings and to amend their Answer to assert the defense of arbitration. On March 27, 2019, after extensive briefing and memoranda, the trial judge heard and denied the motion, finding that the H2 O defendants had waived their right to arbitration. The H2 O defendants seek review of that ruling.
Discussion
This issue is controlled by La. R.S. 9:4201 -4217, "The Louisiana Binding Arbitration *749 Law." Here, this suit was filed prior to the invocation of the arbitration clause so La. R.S. 9:4202 applies:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
According to the plain language of the statute, the trial court "shall" stay the trial of the action until arbitration is had unless the applicant is in default[2] in proceeding with the arbitration.
La. R.S. 9:4202 allows a trial court to ascertain only two basic facts before ordering arbitration: (1) whether there is a dispute as to the making of the agreement and (2) whether a party has failed to comply with the agreement. If the trial court determines that those two facts are not in issue, the court "shall issue an order directing the parties to proceed to arbitration."
According to the Louisiana Supreme Court in Int'l River Ctr. v. Johns-Manville Sales Corp. , 02-3060 (La. 12/3/03), 861 So.2d 139, 140-42, "Neither [arbitration] statute allows the trial court to determine waiver issues." See , Bartley, Inc. v. Jefferson Par. Sch. Bd ., 302 So.2d 280, 283 (La. 1974) ("The issues of waiver and prematurity address themselves to the arbitrator.") Further, the Int'l River Ctr. court, citing Matthews-McCracken Rutland Corp. v. City of Plaquemine , 414 So.2d 756, 757 (La. 1982), held that "the legislature has determined that it is the arbitrator who will make that decision and it is not the province of this court to second guess such policy decisions." Int'l River Ctr. , 861 So.2d at 143. Thus, the issue of waiver should be addressed to the arbitrator.
Decree
For the foregoing reasons, this writ is granted and the ruling of the trial court is reversed. The matter is remanded to the trial court for disposition consistent with this opinion.
WRIT GRANTED; STAY GRANTED.

Nelson signed a non-competition agreement that is not at issue in this writ application.

The term "default" is not explicitly defined in the Louisiana Binding Arbitration Law; however, La. R.S. 9:4203 reads, in pertinent part:
A. The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' written notice of the application shall be served upon the party in default....
B. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
* * *