# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LIVINGSTON PARISH LIBRARY
SYSTEM

VERSUS

BRUNT CONSTRUCTION, INC. ET AL

APR 2 8 2020

---

In Re: Livingston Parish Library System, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 163585.

---

**BEFORE: GUIDRY, McDONALD, HIGGINBOTHAM, THERIOT, CHUTZ, JJ.**

**WRIT NOT CONSIDERED.** Relator failed to provide a copy of the pertinent court minutes in violation of Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(C)(10). Additionally, this court is unable to address the merits of the relator's writ application without a copy of the transcript of the hearing on December 16, 2019, including identification of evidence admitted at the hearing.

Supplementation of this writ application and/ or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9.

In the event relators seek to file a new application with this court, it must contain all pertinent documentation, including documentation to show that the original writ application was timely, the missing items noted above, and must comply with Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.2. Any new application must be filed on or before May 29, 2020 and must contain a copy of this ruling.

> JMG
> TMH
> MRT

**McDonald and Chutz, JJ.** dissent. The Livingston Parish Library ("the Library") and Brunt Construction, Inc. ("Brunt") agreed to arbitrate any claims arising out of Brunt's construction of the Denham Springs Walker Library Addition & Renovation ("the project"). The Library and Cockfield Jackson Architects, APAC ("CJA") agreed to arbitrate any claims arising out of CJA's architectural design and management of the project. The issue of whether a party to an arbitration agreement has waived arbitration is for the arbitrator to decide. **International River Center v. Johns-Manville Sales Corp.,** 2002-3060, p. 3 (La. 12/3/03), 861 So.2d 139, 142; **Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C.,** 2006-1950 (La. App. 1st Cir. 7/25/07), 965 So.2d 455, 461. Additionally, by incorporating the American Arbitration Association's Construction Industry Arbitration Rules into the subject arbitration agreements, the parties agreed that

"[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." See **Fla. Gas Transmission Company, LLC v. Texas Brine Company, LLC,** 2017-0304 (La. App. 1st Cir. 12/6/18), 267 So.3d 633, 637, reh'g denied (Jan. 25, 2019), writ denied, 2019-0333 (La. 6/26/19), 275 So.3d 876; **Jasper Contractors, Inc. v. E-Claim.com, LLC,** 2011-0978 (La. App. 1st Cir. 5/4/12), 94 So.3d 123, 134. Accordingly, we would grant the Library's motion to stay as to its claims against Brunt, The Gray Casualty & Surety Company, CJA, XL Specialty Insurance Company, Valley Forge Insurance Company, and Transportation Insurance Company pending arbitration of these claims.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT