# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

COVENANT GENERAL CONTRACTORS, INC.

VERSUS

S.J. LOUIS CONSTRUCTION OF TEXAS,
LTD. AND CITY OF BATON ROUGE, EAST
BATON ROUGE PARISH AND LIBERTY
MUTUAL INSURANCE COMPANY

NO. 2020 CW 0939

DECEMBER 8, 2020

---

In Re: S.J. Louis Construction of Texas, Ltd. and Liberty Mutual Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 682787.

---

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT GRANTED.** The trial court's judgment denying the defendants', S.J. Louis Construction of Texas, Ltd. and Liberty Mutual Insurance Company's, exception of prematurity and motion to stay pending arbitration is reversed. S.J. Louis Construction of Texas, Ltd. and Covenant General Contractors, Inc. agreed to arbitrate all claims by the parties, including those arising out of any administrative and/or statutory basis. The issue of whether a party to an arbitration agreement has waived arbitration is for the arbitrator to decide. **International River Center v. Johns-Manville Sales Corp.**, 2002-3060 (La. 12/3/03), 861 So.2d 139, 142; **Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C.**, 2006-1950 (La. App. 1st Cir. 7/25/07), 965 So.2d 455, 461. Additionally, by incorporating the American Arbitration Association's Construction Industry Arbitration Rules into the subject arbitration agreements, the parties agreed that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." See **Fla. Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2017-0304 (La. App. 1st Cir. 12/6/18), 267 So.3d 633, 637, reh'g denied (Jan. 25, 2019), writ denied, 2019-0333 (La. 6/26/19), 275 So.3d 876; **Jasper Contractors, Inc. v. E-Claim.com, LLC**, 2011-0978 (La. App. 1st Cir. 5/4/12), 94 So.3d 123, 134. Accordingly, the defendants' exception of prematurity and motion to stay is granted and this matter is stayed pending arbitration of these claims.

JMM
AHP

Holdridge, J., concurs in the result, although I believe the better approach would be to remand this matter to the district court for a re-trial of the exception of prematurity, with the parties being afforded the opportunity to introduce all relevant evidence. **Giacona v. Conti Commodity Services, Inc.**, 413 So.2d 487 (La. 1982).

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT