# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

RIVER HOUSE PARTNERS LLC

VERSUS

CLARK CONSTRUCTION INC. OF
MISSISSIPPI, RADER'S
INSULATION EXPRESS, L.L.C.,
M&R BUILDERS, LLC OF
MISSISSIPPI, FIRST SPECIALTY
INSURANCE CORPORATION,
NAVIGATORS INSURANCE COMPANY
& STATE NATIONAL INSURANCE
COMPANY, INC.

**AUGUST 12, 2022**

---

In Re:    Clark Construction, Inc. of Mississippi, applying for
          supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 695503.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT DENIED.** The transcript of the March 15, 2022 hearing on the Motion to Compel Arbitration and to Stay proceedings filed by defendant, Clark Construction Inc. of Mississippi, reveals no evidence was introduced or admitted during the hearing, including the subject arbitration agreements. The party seeking to enforce an arbitration agreement carries the burden of proving the existence of a valid arbitration agreement. See **Alfortish v. GreenSky, LLC**, No. CV 16-15084, 2017 WL 699830, *3 (E.D. La. 2/22/17) (citing **FIA Card Services, N.A. v. Weaver**, 2010-1372 (La. 3/15/11), 62 So.3d 709, 719); **Duhon v. Activelaf, LLC**, 2016-0818 (La. 10/19/16), __ So.3d __, 2016 WL 6123820, cert. denied, __ U.S. __, 2268 L.Ed.2d 700 (2017); see also **Landis Construction Co., L.L.C. v. State**, 2015-1167 (La. App. 1st Cir. 2/29/16), 199 So. 3d 1, 2-3 ("Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record."). Accordingly, the trial court did not err in denying defendant's motion.

JMG
EW

**Whipple, C.J.,** dissents and would grant the writ. Defendants/cross-claim defendants, Rader's Insulation Express, LLC ("Rader's") and M&R Builders, LLC of Mississippi ("M&R"), in their respective subcontracts with Clark, agreed to arbitrate "[a]ll claims, disputes, and other matters in controversy between the Contractor, Subcontractor, and all individual signatories hereto, arising out of or relating to this Subcontract" "in accordance with the current and applicable Construction Industry rules and procedures of the American Arbitration Association …" Additionally, by incorporating the American Arbitration Association's Construction Industry Arbitration Rules into the arbitration agreement in their contract, Clark Construction Inc. of Mississippi and plaintiff, River House Partners, LLC ("River House"), agreed that "[t]he arbitrator shall have the power to rule on his or her own

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." See e.g. **Florida Gas Transmission Co., LLC v. Texas Brine Co., LLC,** 2018-0075 (La. App. 1st Cir. 7/1/19), 285 So.3d 1093, 1099-1100, writ denied, 2019-01124 (La. 7/17/19), 277 So.3d 1180, and writ denied, 2019-01405 (La. 11/12/19), 282 So.3d 225; **Crawford Professional Drugs, Inc. v. CVS Caremark Corp.,** 748 F.3d 249 (5th Cir. 2014). Under the circumstances presented herein, the issue of whether a party to an arbitration agreement has waived arbitration is for the arbitrator to decide. See **Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C.,** 2006-1950 (La. App. 1st Cir. 7/25/07), 965 So.2d 455, 461 (citing **International River Center v. Johns-Manville Sales Corp.,** 2002-3060, (La. 12/3/03), 861 So.2d 139); see also **Florida Gas Transmission Co., LLC,** 285 So.3d at 1099-1100; (citing **Howsam v. Dean Witter Reynolds, Inc.,** 537 U.S. 79, 84, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002) ("the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability'")). Accordingly, I would grant the Motion to Compel Arbitration and Stay Proceedings filed by Clark Construction Inc. of Mississippi as to the claims between River House and Clark, the claims between Clark and Rader's, and the claims between Clark and M&R.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT