J. CALDARERA & COMPANY, INC.

VERSUS

TRIUMPH CONSTRUCTION COMPANY,
LLC. AND ATAIN SPECIALTY INSURANCE
COMPANY

NO. 24-C-451

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 70,409, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

December 18, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**REVERSED AND REMANDED;**
**STAY ORDERED**
    **SJW**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
J. CALDARERA & CO., INC.
    John W. Waters, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
TRIUMPH CONSTRUCTION COMPANY, LLC
    Gregory S. Webb

**WINDHORST, J.**

Relator, J. Caldarera & Company, Inc., seeks review of the trial court's denial of its motion to compel arbitration. For the following reasons, we reverse the trial court's ruling, grant Caldarera's motion to compel arbitration, order a stay, and remand for further proceedings consistent with this disposition.

**BACKGROUND**

Caldarera contracted with the St. Tammany Parish School Board to construct Fontainebleau Junior High School. On May 4, 2015, Caldarera and Triumph Construction Co., LLC entered into a Subcontract Agreement relative to some of the work for the project, including the furnishing of labor and other services necessary for the construction and installation of concrete foundation and site pavement work.

A concrete pour was scheduled for Saturday, April 30, 2016, in advance of on-coming inclement weather. In preparation for the concrete pour, Caldarera dug and formed below grade trenches and arranged for the concrete delivery. Triumph's workers, however, did not appear for the scheduled concrete pour. Rain destroyed the pre-dug trenches and caused cave-ins of earthen excavations. Triumph did not return to the construction project.

On March 8, 2017, Caldarera filed a petition for damages, asserting breach of contract and negligence claims, including failing to show up for the concrete pour. Caldarera alleged Triumph's caused it damages, including cost of overhead, cost of project completion, cost to redo work and repair other parts of the project damaged by Triumph, and cost of acceleration.

Since Caldarera filed the original petition in 2017, the parties have litigated this case in the trial court by conducting discovery, engaging in motion practice, and appellate review involving the dismissal of one defendant. Trial has been continued multiple times. Because this case has been pending for seven years, recently, in July

2024, Caldarera filed a motion to compel arbitration based on a clause in the Subcontractor Agreement. The relevant clause regarding dispute procedure states:

> **25.2** All matters in controversy between Contractor and Subcontractor arising out of or related to his Subcontract, or the performance or breach of thereof ... shall by decided by arbitration . . . OR litigated in court in the 40th JDC at the option of the Contractor ....

After a hearing on August 2, 2024, the trial court denied Caldarera's motion to compel arbitration. Caldarera seeks review of the denial of its motion to compel arbitration.

**LAW and ANALYSIS**

Because the relevant facts are not in dispute, this case presents a question of law subject to *de novo* review. FIA Card Services, N.A. v. Weaver, 10-1372 (La. 3/15/11), 62 So.3d 709, 712.

The Louisiana Legislature has indicated by statute that arbitration is favored. La. R.S. 9:4201 states:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The United States Supreme Court has also long recognized and enforced a "liberal federal policy favoring arbitration agreements." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83, 123 S. Ct. 588, 591, 154 L. Ed. 2d 491 (2002). The Louisiana Supreme Court has held that even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should construe the clause in favor of arbitration. Aguillard v. Auction Mgmt. Corp., 04-2804 (La. 6/29/05), 908 So.2d 1, 18. The presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue. Id.

According to La. R.S. 9:4202, when there is a valid arbitration clause, the trial court "shall" stay the trial of the action until arbitration is had unless the applicant is in default in proceeding with the arbitration. Specifically, La. R.S. 9:4202 states:

> If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.

The Louisiana Supreme Court has held that La. R.S. 9:4202 allows a trial court to ascertain only two basic facts before ordering arbitration: (1) whether there is a dispute as to the making of the agreement and (2) whether a party has failed to comply with the agreement. International River Center. v. Johns-Manville Sales Corp., 02-3060 (La. 12/3/03), 861 So.2d 139, 140-42.

Louisiana courts have specifically held the arbitration statute does not allow the trial court to determine waiver issues. Id. at 144; Bartley, Inc. v. Jefferson Par. Sch. Bd., 302 So.2d 280, 283 (La. 1974); Nelson v. H20 Hair, Inc., 19-193 (La. App. 5 Cir. 5/22/19), 274 So.3d 747, 749 (issue of whether employer waived its right to arbitration could only be addressed by arbitrator); Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C., 2006-1950 (La. App. 1 Cir. 7/25/07), 965 So.2d 455, 460 (the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability).

Guided by jurisprudence from both the United States Supreme Court and the Louisiana Supreme Court, we find the arbitration panel must decide the waiver issue in this case. Howsam, 537 U.S. at 84, 123 S.Ct. at 592; International River Center, 861 So.2d at 144; Arkel Constructors, Inc, 965 So.2d at 460. We therefore reverse the trial court's ruling denying the motion to compel and grant that motion.

**DECREE**

For the foregoing reasons, we reverse the trial court's ruling denying the motion to compel arbitration, grant that motion, and order a stay of the trial court proceedings until arbitration has been had in accordance with La. R.S. 9:4202. We therefore remand this case to the trial court for disposition consistent with this opinion.

**REVERSED AND REMANDED; STAY ORDERED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-451**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
JOHN W. WATERS, JR. (RELATOR)

**MAILED**
GREGORY S. WEBB (RESPONDENT)
ATTORNEY AT LAW
POST OFFICE BOX 1738
PRAIRIEVILLE, LA 70769